IN THE CIRCUIT COURT OF THE<br>
18TH JUDICIAL CIRCUIT IN AND FOR<br>
SEMINOLE COUNTY, FLORIDA

LORI GRANE,

    Plaintiff,                            CASE NO.: <u>2021CA002944</u>

v.

NUVIEW IRA, INC.,
a Florida Profit Corporation,

    Defendant.

_____/

<b><u>FIRST AMENDED COMPLAINT</u></b>

Plaintiff, LORI GRANE ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, NUVIEW IRA, INC. (hereinafter "Defendant") and in support avers as follows:

<b><u>GENERAL ALLEGATIONS</u></b>

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees or costs, declaratory and injunctive relief and damages to redress injury done to Plaintiff by the Defendant for discriminatory treatment because of Plaintiff's sex and age, and retaliation pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 ("ADEA") and the Florida Civil Rights Act of 1992, Florida Statutes, Section 760, *et seq.* ("FCRA").

2. This Court has jurisdiction over Plaintiff's claims pursuant to the FCRA.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Seminole County, Florida, within the jurisdiction of this Honorable Court.

4. Plaintiff is a female who is over the age of forty (40) and is a member of a class of persons protected from discrimination in her employment under the FCRA and the ADEA.

5. Plaintiff was employed by Defendant, NUVIEW IRA, INC., having a place of business in Seminole County, Florida, where, at all times relevant to this action, Plaintiff worked for Defendant.

6. Venue is proper in Seminole County, Florida because all of the actions that form the basis of this Complaint occurred within Seminole County, Florida and payment was due in Seminole County, Florida.

7. Defendant was a "person" and/or "employer" pursuant to the Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.* since it employs fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

8. Defendant has more than twenty (20) employees for purposes of the ADEA.

9. At all times material hereto, Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.*

10. At all times material hereto, Defendant was an "employer" within the meaning of Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.*

11. At all times material hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, *Fla. Stat. Section 760, et seq.*, and is subject to the employment discrimination provisions of the applicable statutes.

12. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

13. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

14. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

15. Plaintiff was employed by Defendant as its Director of Human Resources from on or about October 4, 2017 until on or about September 24, 2020.

16. Plaintiff's job duties included, but were not limited to, hiring and onboarding employees, handling and resolving employee issues, and creating employee policies.

17. As a 57-year-old woman, Plaintiff was the oldest employee aside from the owner, Glen Mather.

18. The company did an annual two-day offsite meeting for which Jason DeBono, the president, reserved one lodging accommodation, a VRBO house, for all four of Defendant's employees in attendance, both males and females.

19. Plaintiff and her female colleague felt uncomfortable in a home with two unaccompanied males as there was no privacy and they each had to share a bathroom with one of the males.

20. Plaintiff had to share a bathroom that did not have a lock with Mr. Glen Mather.

21. Plaintiff sent DeBono an e-mail after the event voicing her concerns and suggesting that Defendant reserve individual hotel rooms for the next offsite meeting.

22. DeBono responded saying that he did not understand why Plaintiff felt uncomfortable but that he would keep it in mind.

23. Additionally, Plaintiff was the only person regularly using masks to protect herself and her co-workers from COVID-19 during in-person meetings.

24. Plaintiff was terminated on or around September 24, 2020. Plaintiff was told her termination was due to Defendant's financial hardships and that she was not the only one being terminated.

25. However, Plaintiff later learned that she was in fact the only person laid-off and all other employees were subsequently given raises.

26. Plaintiff was replaced by someone named Sara (LNU), an employee who Plaintiff had mentored and who was much younger than Plaintiff. Plaintiff believed Sara's age to be between approximately late 20s to early 30s.

27. On information and belief, from the time that DeBono took over as president of Defendant, Plaintiff had noticed that females working for Defendant who were in positions of power were usually demoted.

28. Throughout Plaintiff's employment, Plaintiff has always performed the essential functions of her job duties and responsibilities in an exemplary fashion and in satisfactory and above satisfactory levels.

29. Any reason proffered by Defendant for the adverse employment actions is mere pretext for unlawful discrimination.

30. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### *Discrimination based on Sex in Violation of the FCRA*

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 30 of this Complaint as if set out in full herein.

32. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992, Florida Statues Section 760.10, which in its relevant section states it is an unlawful

employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's sex.

33. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon sex-conformity considerations or reasons.

34. The Plaintiff is a female, former employee of Defendant and she possessed the requisite qualifications and skills to perform her position with Defendant.

35. While employed with Defendant, Plaintiff was subjected to discrimination and harassment based on her sex.

36. As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

37. Moreover, as a further result of the Defendant's unlawful sex-based discriminatory conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

38. Plaintiff was qualified for her position with Defendant.

39. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of her sex in the terms, conditions, and privileges of employment.

40. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to the FCRA, protecting a person from discrimination.

41. The Defendant's aforementioned actions were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

d. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position;

e. Reinstate full fringe benefits and seniority rights to Plaintiff;

f. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages and benefits, including front pay and back pay with prejudgment interest;

g. For a money judgment representing prejudgment interest;

h. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

i. Grant Plaintiff a trial by jury; and

j. Grant such other and further relief as the Court deems just and proper.

## COUNT III
### *Discrimination Based on Age in Violation of the FCRA*

42. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

43. Plaintiff is a member of a protected class under the FCRA, to wit, Plaintiff is over forty (40) years of age.

44. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

45. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty (40).

46. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

47. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

48. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

49. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of her rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and related damages.

50. Defendant's basis for the adverse conduct against Plaintiff, if any, are pretextual and illegitimate, asserted only to cloak the discriminatory nature of the conduct.

51. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and federal law.

52. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling

Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

53. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

d. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position;

e. Reinstate full fringe benefits and seniority rights to Plaintiff;

f. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages and benefits, including front pay and back pay with prejudgment interest;

g. For a money judgment representing prejudgment interest;

h. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

i. Grant Plaintiff a trial by jury; and

    j.   Grant such other and further relief as the Court deems just and proper.

## COUNT IV
### *Discrimination Based on Age in Violation of the ADEA*

54. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

55. Plaintiff is a member of a protected class under the ADEA, to wit Plaintiff is over forty (40) years of age.

56. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

57. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty (40).

58. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

59. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

60. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

61. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

62. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

63. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

64. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the ADEA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

  e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

  f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Retaliation in Violation of the FCRA*

65. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 30 above as if set out in full herein.

66. Defendant is an employer as that term is used under the applicable statutes referenced above.

67. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in a statutorily protected activity under the FCRA.

68. The foregoing unlawful actions by Defendant were purposeful.

69. Plaintiff engaged in a statutorily protected activity and she was the victim of retaliation, thereafter, as related in part above.

70. Plaintiff is a member of a protected class because she engaged in a statutorily protected activity and was the victim of retaliation thereafter. There is a causal connection between the engagement of the statutorily protected activity and the adverse employment action taken thereafter.

71. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

72. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

d. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position;

e. Reinstate full fringe benefits and seniority rights to Plaintiff;

f. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages and benefits, including front pay and back pay with prejudgment interest;

g. For a money judgment representing prejudgment interest;

h. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

i. Grant Plaintiff a trial by jury; and

j. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: <u>December 22, 2021</u>                    Respectfully submitted,

          ***/s/ Peter M. Hoogerwoed***
          Peter M. Hoogerwoerd, Esq.
          Fla. Bar No.: 0188239
          pmh@rgpattorneys.com
          Cristobal Bobadilla-Gamboa, Esq.
          Fla. Bar. No. 113656
          cbg@rgpattorneys.com
          Corey L. Seldin, Esq.
          Fla. Bar No.: 1026565
          cseldin@rgpattorneys.com
          ***Remer & Georges-Pierre, PLLC***
          44 West Flagler Street, Suite 2200
          Miami, FL 33130
          (305) 416-5000- Telephone
          (305) 416-5005- Facsimile